## Case No. 2,870.

### The CLAYTON.

[3 Biss. 102.][1]

District Court, N. D. Illinois. July, 1870.

LIEN FOR SEAMEN'S WAGES.

Seamen have a lien on the freight and cargo for their wages, and where the charterer of the vessel is also the owner and consignee of the freight, the lien nevertheless attaches, and the freight will be the amount which the transportation was fairly worth.

[Cited in The L. L. Lamb, 31 Fed. 34.]

In admiralty. This was a libel filed by the mates and crew of the bark Clayton against the freight and cargo of said vessel, on a voyage from Chicago to Collingwood and return, for their wages as seamen in the management of the bark.

BLODGETT, District Judge. The evidence discloses this state of facts: One Samuel D. Clark was the manager of the bark Clayton, under a charter party from her owner for the year 1867; was engaged in the lumber business in this city, and was running this bark between his mills and places where he procured his lumber and the lumber yard in this city, for the purpose of transporting lumber and timber. In the month of June, 1867, said bark started upon a voyage, with the libellants on board, from Chicago to Collingwood after a load of timber, and returned in due course of the voyage to this port with a cargo of pine timber consigned to S. D. Clark, the charterer of the bark and the owner of the cargo. Between the time this voyage was undertaken and the time of its accomplishment, Clark became embarrassed in his circumstances and made an assignment for the benefit of his creditors to C. M. Smith, and on the arrival of the bark with her cargo in this city, Smith, as the assignee of Clark, took possession of the cargo, the captain notifying Smith, at the time the cargo was unloaded, that he claimed his lien upon the cargo for the freight and seamen's wages. In point of fact, there was no technical freight earned in this case, the consignment being made by the owner to the owner. The shipment being for the benefit of the owner at this place, the assignee Smith taking possession of the cargo, he stepped directly into the shoes of the original consignee, Clark.

I think the authorities are clear that the crew of a vessel engaged upon the navigable waters of the United States have a lien for their wages upon the freight earned. As to whether that lien extends over and attaches to the cargo or not, I do not deem it necessary to decide in this case, but I have no doubt but they have a lien upon the vessel and upon the freight. In this case, the freight would be, although there were no freight bills made out as such, what it was

fairly worth to bring the cargo from the place of shipment to the place of destination. There was no contract as to what the freight should be, because Clark was consignor and consignee both. He owned the cargo and had a season charter for the vessel, and was freighting the cargo here to be sold in due course of business by himself; but it does not follow that because he was thus engaged in transporting property from the place of shipment to the place of destination, to be sold, that no freight is earned in the sense of our maritime law, because he did not collect freight at the end of the voyage, but simply took the enhanced value of the cargo at this point as the advantage which he received by the shipment. I think, as between himself and the seamen employed upon his vessel, the freight earned is a fair quantum meruit for the transportation of the cargo from the place of shipment to the place of destination, and that the seamen have a lien upon that freight for the amount of their wages.

I shall therefore order a reference to the commissioner for the purpose of taking proofs as to what the freight of this vessel would fairly amount to on this cargo, and on the coming in of that report shall decree as against the freight earned the payment of the amount of the wages, not against the cargo specifically, but as against the freight earned. I am not disposed to discuss the question of the liability of the cargo, for I understand that the freight earned will be sufficient to pay the amount due to these men.